No. 951

KREITZ v. SAV. DEP. BANK & TRUST CO.

Ohio Appeals, 8th Dist., Cuyahoga Co.

Decided June 24, 1926

Judges Mauck, Sayre and Middleton, 4th Dist., sitting.

147. BILLS & NOTES—A negotiable instrument purchased in good faith and for value will not be dishonored and be rendered overdue by non-payment of interest before the principal matures; and loans made upon such instrument after interest is due will not be affected thereby.

MIDDLETON, J.

This action was brought originally in the Cuyahoga Common Pleas by the Bank Co. for personal judgment upon a promissory note and foreclosure of a real estate mortgage given by Phillip Kreitz to secure the note in the sum of $22,000.

Said note was made payable to Louis M. and Marguerite Grief, being dated Nov. 15. 1918 and payable $4000 per annum beginning Nov. 15, 1920. It appears that Grief pledged the note with the Bank as collateral security with the knowledge of Kreitz. Several other loans were made by the Bank to Grief upon the same security and facts. When the interest fell due Kreitz paid Grief and also $445 to apply on the principal which was retained by him and not reported to the Bank.

Kreitz contends that after the first installment of interest became due, the Bank having no knowledge of his payment to Grief, the note became dishonored and all subsequent loans thereon were made with notice of dishonor and that the rights of the Bank are subject to the equities made by the payments. The question is whether or not the non-payment of an installment of interest on a negotiable instrument, which by its terms makes such interest payable at regular intervals, dishonors the instrument and renders it overdue. The Court of Appeals held:

1. One who in good faith and for value who purchases a note before the principal becomes due, is within the protection of the law merchant, although interest is overdue and payable.

2. Although the decisions have not been uniform, the rule supported by the weight of authority is that a mere failure to pay a periodical installment of interest due on a negotiable instrument will not amount to a dishonor of the instrument and will not render it overdue.

3. In view of all the facts and the authorities cited it cannot be said that such holding was manifestly wrong, and the judgment of the lower court must be affirmed.

Judgment affirmed.

(Mauck & Sayre, JJ., concur.)

Attorneys—Melville W. Vickery, Cleveland, for Kreitz; Kelly, David & Cotrell, Cleveland, and Robert Rice, Elyria, for Bank.